**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>          Respondent,<br><br>      v.<br><br>MICHAEL SEAN THOMPSON,<br><br>          Appellant. | No. 87165-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — Michael Thompson pleaded guilty to first degree manslaughter. He argues, and the State concedes, that the sentencing court miscalculated his offender score because the State did not prove that Thompson's 1989 California convictions for assault were comparable to a Washington offense. We accept the State's concession and remand for resentencing.

I

In 2024, Thompson pleaded guilty to an amended charge of first degree manslaughter. At sentencing, the State argued that Thompson's offender score was 8 based on the inclusion of two 1989 California convictions for assault. The State argued that the convictions were comparable to Washington's second degree assault statute. The State attached certified documents from California, including charging documents and abstract of judgment. The State did not submit any documents summarizing the

underlying facts of the charged offenses or any jury instructions. Based on an offender score of 8, the State recommended 245 months.

Thompson argued that the convictions were not comparable to a Washington offense. Accordingly, Thompson asserted that the offender score should be 4 with a standard range of 111 to 147 months. The plea agreement preserved Thompson's objection to the State's calculation of his offender score.

The sentencing court concluded that Thompson's offender score was 8 with a standard sentencing range of 185 to 245 months. The court imposed a sentence of 230 months.

Thompson appeals.

II

Thompson argues that the trial court miscalculated his offender score because the State did not prove his 1989 California convictions were comparable to a Washington offense. The State concedes error. We accept the State's concession.

We review the trial court's calculation of an offender score de novo. State v. Schwartz, 194 Wn.2d 432, 438, 450 P.3d 141 (2019). Calculation of an offender score is based on the defendant's prior convictions. RCW 9.94A.525. Out-of-state convictions are classified according to the comparable offense definitions and sentences provided by Washington law. State v. Olsen, 180 Wn.2d 468, 472, 325 P.3d 187 (2014). The State bears the burden of proving the existence and comparability of all the out-of-state convictions that it is attempting to utilize. Olsen, 180 Wn.2d at 472.

When evaluating comparability, courts apply a two-part test. Olsen, 180 Wn.2d at 472. First, courts determine whether the offenses are legally comparable based on

the elements of each crime. Olsen, 180 Wn.2d at 472. If the offenses are not legally comparable, courts determine whether the offenses are factually comparable by deciding if the defendant's conduct would have violated a Washington statute. If an out-of-state conviction involves an offense that is neither legally nor factually comparable to a Washington offense, the conviction may not be included in the defendant's offender score. State v. Thiefault, 160 Wn.2d 409, 415, 158 P.3d 580 (2007).

The parties agree that Thompson's 1989 California convictions are not legally comparable because the California statute is a general intent crime while the Washington statute is a specific intent crime. Compare CAL. PENAL CODE § 240, with RCW 9A.36.021(c). See also People v. Perez, 4 Cal. 5th 1055, 1066, 416 P.3d 42, 232 Cal. Rptr. 3d 51 (2018) (noting that assault with a deadly weapon is a general intent crime in California); State v. Abuan, 161 Wn. App. 135, 154-55, 257 P.3d 1 (2011) (explaining that Washington's second degree assault statute is a specific intent crime). The State concedes that it failed to prove factual comparability of Thompson's 1989 California assault convictions to Washington's second degree assault statute because it presented no evidence of the underlying facts of the offenses. Because the State did not present any evidence of factual comparability, we accept the State's concession.

The remedy is remand for resentencing to allow both parties to present relevant evidence of criminal history, including history and information not previously presented. State v. Cobos, 182 Wn.2d 12, 15-16, 338 P.3d 283 (2014); see also RCW 9.94A.530(2). Accordingly, we decline to address Thompson's additional arguments surrounding wash out of the 1989 convictions.

No. 87165-0-I/4

We accept the State's concession and remand for resentencing.

_____
Mann, J.

WE CONCUR:

_____
Chung, J.

_____
Smith, J.